UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE DANIEL CRUZ BANOS,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBERRAN, et al.,<br><br>Respondents. | No. 1:25-cv-01634-DC-CSK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER, WITHOUT PREJUDICE<br><br>(Doc. No. 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), which Petitioner concurrently filed with a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing immigration detention. (Doc. No. 2.) Respondents filed an opposition to Petitioner's motion on November 26, 2025. (Doc. No. 7.) For the reasons explained below, the court will deny Petitioner's motion for a temporary restraining order, without prejudice, and refer this case to the assigned magistrate judge for further proceedings.

Pursuant to 28 U.S.C. § 2241, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Further, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitions for a writ of habeas corpus must therefore "allege the facts concerning the [petitioner's] commitment or

1  detention, the name of the person who has custody over [the petitioner] and by virtue of what
2  claim or authority, if known." 28 U.S.C. § 2242. "The consistent use of the definite article in
3  reference to the custodian indicates that there is generally only one proper respondent" to a
4  habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "[I]n habeas challenges to present
5  physical confinement—'core challenges'—the default rule is that the proper respondent is the
6  warden of the facility where the [petitioner] is being held, not the Attorney General or some other
7  remote supervisory official." *Id.* at 435. In sum, "[w]henever a § 2241 habeas petitioner seeks to
8  challenge his present physical custody within the United States, he should name his warden as
9  respondent and file the petition in the district of confinement." *Id.* at 447.

10  The Ninth Circuit has recently "affirm[ed] the application of the immediate custodian and
11  district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including
12  those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024); *see*
13  *Singh v. Field Off. Dir., S.F. Field Off., U.S. Immigr. & Customs Enf't*, No. 24-cv-03472-RMI,
14  2024 WL 4454824, at *1 (N.D. Cal. Sept. 9, 2024) (finding the court lacked jurisdiction over
15  § 2241 petition where the immigration detainee "failed to name his immediate custodian as the
16  respondent, and he filed his petition outside the district of his confinement").

17  Here, Petitioner alleges in his petition that venue is proper in this district "because [he] is
18  physically detained within this District at the California City Detention Center," a detention
19  facility that is located in Kern County, California. (Doc. No. 2 at ¶ 20.) Petitioner is correct that
20  his petition was filed in the proper district.

21  However, as Respondents emphasize in their opposition to the pending motion (Doc. No.
22  7 at 2–3), Petitioner did not name as a respondent the warden of the facility where he is detained,
23  the California City Detention Center. Instead, Petitioner names as respondents: Attorney General
24  Pam Bondi, Department of Homeland Security Secretary Kristi Noem, Immigration and Customs
25  Enforcement ("ICE") Acting Director Todd M. Lyons, and ICE San Francisco Field Office
26  Director Sergio Alberran. (Doc. No. 2 at ¶¶ 24–27.) Indeed, Petitioner does not mention a
27  warden, by name or title, in his petition at all.

28  For this reason, Petitioner has not shown he is likely to succeed on the merits of his

§ 2241 habeas petition, which requires Petitioner to have named his immediate custodian for this court to have jurisdiction over his petition. Thus, the court will deny Petitioner's motion for a temporary restraining order, without prejudice, and refer this matter to the assigned magistrate judge for further proceedings, including consideration of any request filed by Petitioner seeking leave to file an amended petition to name the proper respondent.

## CONCLUSION

For the reasons explained above:

1. Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **November 28, 2025**

Dena Coggins
United States District Judge

3