1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSUE DANIEL CRUZ BANOS,                No. 1:25-cv-1634 DC CSK P

12                   Petitioner,
                                             FINDINGS AND RECOMMENDATIONS
13          v.

14   CHRISTOPHER CHESTNUT, WARDEN,

15                   Respondent.

16

17   **I. INTRODUCTION**

18          Petitioner, an immigration detainee proceeding through counsel, filed a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is a native and citizen of Cuba.  Petitioner

20   was initially detained by immigration officials and released on his own recognizance on April 3,

21   2022.  On November 21, 2025, petitioner was arrested and re-detained by U.S. Immigration and

22   Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") officials.  On

23   December 23, 2025, an immigration judge found that petitioner did not establish a significant

24   possibility of eligibility for asylum and affirmed the determination made by the asylum officer

25   that petitioner had not established a credible fear of persecution or torture.  The immigration

26   judge returned petitioner's case to the Department of Homeland and Security ("DHS") for

27   removal of petitioner.

28          In the petition, petitioner challenges his re-detention.  For the following reasons, this

                                           1

1  Court recommends that the petition be denied.

2  **II.  FACTUAL BACKGROUND**

3        Petitioner is a native and citizen of Cuba who entered the United States on April 2, 2022.

4  (ECF No. 2 at ¶ 2; ECF No. 19-1 at 16 (listing 4/2/2022 as apprehension date).)  After petitioner

5  was initially detained, on April 3, 2022, ICE issued an Order of Release on Recognizance for

6  petitioner "[i]n accordance with section 236 of the Immigration and Nationality Act", 8 U.S.C.

7  § 1226.  (ECF No. 19-1 at 13; <u>see</u> ECF No. 2 at ¶ 2.)  Petitioner was released on his own

8  recognizance on conditions set forth on ICE Form I-220A.  (ECF No. 19-1 at 13-16.)

9        On June 9, 2022, petitioner filed an asylum application.  (ECF No. 2 at ¶ 3.)

10        Petitioner reported to ICE as required on various dates, including on August 2, 2022 and

11  December 13, 2022.  (ECF No. 2 at ¶¶ 3, 6; <u>see</u> ECF No. 19-1 at 13 (requiring petitioner to report

12  on 8/2/2022).)  Petitioner informed ICE that he was moving to Hayward, California, and checked

13  in with ICE after moving.  (ECF No. 2 at ¶ 6.)  Until his re-detention, Petitioner lived with his

14  sister in Hayward.  (<u>Id.</u> at ¶ 12.)  Respondent does not contend that petitioner has violated any

15  conditions of his release or committed any crimes.  (<u>See</u> ECF Nos. 17, 19.)

16        On January 27, 2023, petitioner's employment authorization application was approved

17  and he received his employment authorization.  (ECF No. 2 at ¶ 4.)

18        On November 21, 2025, petitioner reported to ICE as required, where he was arrested and

19  detained.  (ECF No. 2 at ¶ 7; ECF No. 19-1 at 7.)  Before his re-detention, Petitioner was not

20  provided with notice or a pre-deprivation hearing, and the government does not contend

21  otherwise.  (<u>See</u> ECF Nos. 1, 17, 19, 20.)  On November 21, 2025, ICE issued a Notice and Order

22  of Expedited Removal "[p]ursuant to section 235(b)(1)" of the INA (8 U.S.C. § 1225(b)(1)),

23  where DHS determined that petitioner was inadmissible to the United States under

24  INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(7)(A)(i)(I), and subject to removal because petitioner

25  is an immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border

26  crossing card, or other valid entry document required by the INA" and/or "not in possession of a

27  valid unexpired passport, or other suitable travel document, or other document of identity and

28  nationality."  (ECF No. 19-1 at 7.)  This Expedited Removal Notice was served on the petitioner

2

1  on November 21, 2025.  (ECF No. 19-1 at 7.)

2  **III.  PROCEDURAL BACKGROUND**

3    On November 24, 2025, petitioner filed his petition for writ of habeas corpus and a motion

4  for a temporary restraining order.  (ECF Nos. 2, 3.)  On November 28, 2025, the Honorable Dena

5  M. Coggins denied petitioner's motion for a temporary restraining order without prejudice

6  because petitioner failed to name as respondent his immediate custodian as required.  (ECF No.

7  9.)  Judge Coggins referred this action to the undersigned.  (Id.)

8    On December 1, 2025, this Court granted petitioner's motion to substitute the correct

9  respondent.  (ECF No. 10.)  This Court ordered respondent to file a response to the petition within

10  fourteen days and that petitioner's reply was due seven days after being served with the response.

11  (Id.)  On December 16, 2025, this Court granted the parties' joint stipulation to amend the

12  briefing schedule based on the DHS referral of a negative fear finding to an immigration judge for

13  review.  (ECF No. 16.)  This Court ordered respondent's response to the petition due on or before

14  December 22, 2025 and petitioner's reply, if any, due on or before December 29, 2025.  (Id.)  On

15  December 22, 2025, respondent filed a response to the petition, but did not address the referral of

16  a negative fear finding.  (ECF No. 17.)  As a result, this Court ordered respondent to file a

17  supplemental brief regarding the status of the negative fear finding referral and copies of all

18  portions of petitioner's A-file and other supporting documents referred in or related to

19  respondent's response, including copies of all orders of release, including those related to parole

20  and all detention orders.  (ECF No. 18.)  On December 30, 2025, respondent filed its

21  supplemental brief and documents as ordered, which provided the following information.  (ECF

22  No. 19.)

23    On December 5, 2025, an asylum officer found that petitioner had not established a

24  credible fear of persecution or torture in petitioner's country of nationality, country of last

25  habitual residence, or country to which petitioner had been ordered removed.  (ECF No. 19-1 at

26  10.)  Petitioner requested review by an immigration judge.  (Id. at 11.)  On December 23, 2025,

27  an immigration judge found that petitioner did not establish a significant possibility of eligibility

28  for asylum and affirmed the credible fear determination made by the Asylum Officer.  (Id. at 4-5.)

1   The immigration judge returned petitioner's case to DHS for removal of petitioner.  (<u>Id.</u> at 5.)

2   The immigration judge's order states, "This is a final order.  There is no appeal from this

3   decision."  (<u>Id.</u>)

4          On January 2, 2026, petitioner timely filed his reply.  (ECF No. 20.)  Petitioner's reply

5   addresses both respondent's response (ECF No. 17) and supplemental brief (ECF No. 19).  (ECF

6   No. 20.)

7   **IV.  LEGAL STANDARD**

8          The Constitution guarantees the availability of the writ of habeas corpus "to every

9   individual detained within the United States."  <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004)

10  (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

11  custody upon the legality of that custody, and ... the traditional function of the writ is to secure

12  release from illegal custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  A writ of habeas

13  corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

14  Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has

15  served as a means of reviewing the legality of Executive detention, and it is in that context that its

16  protections have been strongest."  <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001).  A district court's

17  habeas jurisdiction includes challenges to immigration detention.  <u>See</u> <u>Zadvydas v. Davis</u>, 533

18  U.S. 678, 687 (2001).

19  **V.  DISCUSSION**

20          The petition raises three claims.  In claim one, petitioner argues that his detention violates

21  his right to substantive due process under the Fifth Amendment.  (ECF No. 2 at 11.)  In claim

22  two, petitioner argues that his detention violates his right to procedural due process under the

23  Fifth Amendment.  (<u>Id.</u> at 11-12.)  In support of claims one and two, petitioner argues that he was

24  wrongly placed in expedited removal proceedings and denied the due process due to detainees not

25  subject to expedited removal, i.e., those procedures available to non-citizens detained pursuant to

26  8 U.S.C. § 1226(a).  (ECF No. 20 at 5-11.)  In claim three, petitioner raises a claim for unlawful

27  arrest under the Fourth Amendment.  (ECF No. 2 at 13-14.)  In response, respondent argues that

28  petitioner is properly detained as an applicant for admission under 8 U.S.C. § 1226(b)(1) and

4

1  subject to expedited removal proceedings. (ECF No. 17 at 1-3.)

2      **A.  Petitioner's Initial Re-Detention**

3      For the following reasons, this Court finds that petitioner's initial re-detention pursuant to

4  Section 1225(b) was improper.  8 U.S.C. § 1226(a) "provides the general process for arresting

5  and detaining [noncitizens] who are present in the United States and eligible for removal."

6  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under Section 1226(a), the

7  Government has broad discretion whether to release or detain the individual.  See id.  Section

8  1226(a) provides several layers of review for an initial custody determination and it confers "an

9  initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel

10  and to present evidence, the right to appeal, and the right to seek a new hearing when

11  circumstances materially change."  Id. at 1202.

12      8 U.S.C. § 1225(b) mandates detention during removal proceedings for applicants

13  "seeking admission" and does not provide for a bond hearing.  Noncitizens covered by Section

14  1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an

15  expedited removal process.  8 U.S.C. § 1225(b)(1)(A)(i).  If a noncitizen subject to § 1225(b)(1)

16  "indicates either an intention to apply for asylum" or "a fear of persecution," the immigration

17  officer "shall refer the [noncitizen] for an interview by an asylum officer."  8 U.S.C.

18  § 1225(b)(1)(A)(i)-(ii).  If after conducting a credible fear interview the asylum officer

19  determines that the noncitizen has a credible fear of persecution, the noncitizen "shall be detained

20  for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(i)-(ii).

21  However, if after conducting a credible fear interview the asylum officer determines that the

22  noncitizen does not have a credible fear of persecution, the noncitizen may request review by an

23  immigration judge.  8 U.S.C. § 1225(b)(1)(B)(iii)(I), (III).  The immigration judge shall review

24  the negative credible fear determination expeditiously and "in no case later than 7 days after" a

25  negative determination by an asylum officer.  8 U.S.C. § 1225(b)(1)(B)(iii)(III).  The noncitizen

26  "shall be detained pending a final determination of credible fear of persecution and, if found not

27  to have such fear, until removed."  8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  If the immigration judge

28  concurs with the negative determination by the asylum officer, the case returns to DHS for

1    removal of the noncitizen.  8 C.F.R. § 1208.30(g)(2)(iv)(A).  The decision is final and

2    unappealable.  Id.

3         In July 2025, DHS issued a memorandum changing its policy regarding application of

4    Sections 1225 and 1226:

> [A] U.S. Customs and Border Protection Memorandum was issued titled
> "Detention of Applicants for Admission." See
> https://www.cbp.gov/document/foia-record/detention-applicants-
> admission. The Memorandum indicated that DHS, in coordination with the
> DOJ, "revisited its legal position" on the INA and determined that § 1225,
> rather than § 1226, is the applicable immigration authority for an "applicant
> for admission" including an alien present in the U.S. "who has not been
> admitted ... whether or not at a designated port of arrival." Id. It stated that
> "it is the position of DHS that applicants for admission are subject to
> mandatory detention under INA § 235(b) and may not be released from DHS
> custody except by INA § 212(d)(5) parole." Id. The Memorandum further
> provides that for custody purposes, "these aliens are now treated in the same
> manner that 'arriving aliens' have historically been treated. The only aliens
> eligible for a custody determination and release on recognizance, bond, or
> condition parole under INA § 236(a) are aliens admitted to the United States
> and chargeable with deportability under INA § 237, with the exception of
> those subject to mandatory detention under INA § 236(c)." Id.

15   Pacham v. Archambeault, 2025 WL 3653984, at *6 (S.D. Cal. Dec. 17, 2025).

16        Until DHS changed its policy in July 2025, the Government consistently applied Section

17   1226(a), not Section 1225(b), to noncitizens residing in the United States who were detained by

18   immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

19   Respondent argues that petitioner is an "applicant for admission" under Section 1225 and

20   therefore subject to mandatory detention under Section 1225(b)(1).  In support of this argument,

21   respondent cites the Bureau of Immigration Appeals ("BIA") decision, In re Matter of Yajure

22   Hurtado, 29 I&N Dec. 216 (BIA 2025), which held that all noncitizens who entered without being

23   admitted remain perennially "seeking admission" even if they have lived in the United States for

24   a matter of years.  Id. at 220; see ECF No. 17 at 2.  In that opinion, the BIA rejected the argument

25   that the noncitizen was not "seeking admission" under 8 U.S.C. § 1225(b) because he had been

26   residing in the interior of the United States for nearly three years.  Hurtado, 29 I&N Dec. at 221.

27        This Court agrees with and joins the majority of courts nationwide, including the Eastern

28   District of California, in rejecting respondent's interpretation of Sections 1225 and 1226 and the

6

1  BIA's interpretation of these statutes in <u>Yajure Hurtado</u>.  See <u>Rodriguez Vazquez v. Bostock</u>,

2  2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough

3  analysis, that "the government's [interpretation of § 1225] belies the statutory text of the INA,

4  canons of statutory interpretation, legislative history, and longstanding agency practice");

5  <u>J.Y.L.C. v. Bostock</u>, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting more than thirty

6  cases rejecting the government's assertion that § 1225 empowers the DHS to arrest and hold a

7  noncitizen present without legal status who has spent years in the U.S.); <u>Cardona-Lozano v</u>

8  <u>Noem</u>, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across

9  the country] have found that DHS and the [Board of Immigration Appeals'] construction of the

10  INA is incorrect and that petitioners who have long resided in the United States but are being held

11  under § 1225 are entitled to relief.") (collecting cases); <u>Faizyan v. Casey</u>, 2025 WL 3208844, at

12  *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has

13  consistently treated" as subject to discretionary detention and "who has been residing in the

14  United States for two years" (internal quotation marks and citation omitted)); <u>Josue I.C.A. v.</u>

15  <u>Lyons</u>, 2025 WL 3496432, at *3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); <u>Morales-Flores</u>

16  <u>v. Lyons</u>, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts

17  nationwide, including this one, have overwhelmingly rejected respondents' arguments and found

18  DHS's new policy unlawful.").

19       Here, petitioner was initially improperly re-detained on November 21, 2025 pursuant to

20  Section 1225.  Section 1226, not Section 1225, applied to petitioner when he was re-detained.

21  This is because immigration authorities released petitioner on his own recognizance pursuant to

22  § 1226 (also known as section 236 of the INA) on April 3, 2022, as expressly provided in the

23  Order of Release on Recognizance issued by DHS.  (ECF No. 19-1 at 13; <u>see</u> ECF No. 2 at ¶ 2.)

24  In addition, as discussed above, petitioner was not an applicant for admission when he was re-

25  detained.  This does not, however, end the analysis as it has in other cases.

26       **B.  Petitioner's Current Detention**

27       As discussed above, petitioner applied for asylum.  On December 5, 2025, an asylum

28  officer found that petitioner had not established a credible fear of persecution or torture in

1  petitioner's country of nationality, country of last habitual residence, or country to which

2  petitioner had been ordered removed.  (ECF No. 19-1 at 10.)  Petitioner requested review by an

3  immigration judge, and on December 23, 2025, an immigration judge found that petitioner did not

4  establish a significant possibility of eligibility for asylum, affirmed the negative credible fear

5  determination made by the asylum officer, and returned petitioner's case to DHS for removal of

6  petitioner.  (ECF No. 19-1 at 4-5.)  The immigration judge's order is the final order of removal.

7  See 8 C.F.R. § 1208.30(g)(2)(iv)(A).  As discussed below, petitioner is now lawfully detained

8  pursuant to 8 U.S.C. § 1231.

9      During the removal period, the Attorney General shall remove the alien from the United

10  States within a period 90 days (referred to as the removal period).  8 U.S.C. § 1231(a)(1)(A).  The

11  removal period begins on the latest of the following:

12          The removal period begins on the latest of the following:

13          (i) The date the order of removal becomes administratively final.

14          (ii) If the removal order is judicially reviewed and if a court orders a
            stay of the removal of the alien, the date of the court's final order.

15

16          (iii) If the alien is detained or confined (except under an immigration
            process), the date the alien is released from detention or confinement.

17  8 U.S.C. § 1231(a)(1)(B).  During the removal period, the Attorney General shall detain the alien.

18  8 U.S.C. § 1231(a)(2).

19      Petitioner's current detention is lawful because petitioner is now detained pursuant to a

20  final order of removal pursuant to 8 U.S.C. § 1231.  For that reason, petitioner's claims one and

21  two alleging that his initial re-detention violated due process because he was wrongly detained as

22  an applicant for admission pursuant to Section 1225(b)(1) are moot.  See Spencer v. Kemna, 523

23  U.S. 1, 7 (1998) (an action becomes moot when "it no longer present[s] a case or controversy

24  under Article III, § 2 of the Constitution.").  Likewise, petitioner's claim three alleging that his re-

25  arrest on November 21, 2025 violated the Fourth Amendment is moot because petitioner's current

26  detention is lawful pursuant to 8 U.S.C. § 1231.[1]

27

28  _____

[1]  The Court recognizes and acknowledges the difficulty of petitioner's situation where despite
finding that petitioner's initial re-detention in November 2025 was improper, the Court ultimately

1  **VI.  CONCLUSION**

2      Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas

3  corpus be denied.

4      These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after

6  being served with these findings and recommendations, any party may file written objections with

7  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

8  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

9  filed and served within **seven** days after service of the objections.  The parties are advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  Dated:  January 14, 2026

14                                          _____
                                           CHI SOO KIM
15                                         UNITED STATES MAGISTRATE JUDGE

16

17  Cruzbanos1634.157/2

18

19

20

21

22

23

24

25  _____

26  concludes that his current detention is lawful based on changes in petitioner's immigration status.
    It appears the parties anticipated that the change in petitioner's immigration status may affect the
27  overall resolution of this petition as the parties jointly requested an extension of the briefing
    schedule due to the DHS referral of a negative fear finding to an immigration judge for review,
28  which the Court granted.  (ECF Nos. 15, 16.)